

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 27 2019

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CAROLYN RENA DAVIS (2)

NO. 3:19 cr 83-S

### PLEA AGREEMENT

Carolyn Rena Davis, the defendant, Scottie Allen, the defendant's attorney, and

the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant

has the rights:

   a.   to have her case presented to a federal grand jury;

   b.   to plead not guilty;

   c.   to have a trial by jury;

   d.   to have the defendant's guilt proven beyond a reasonable doubt;

   e.   to confront and cross-examine witnesses and to call witnesses in the
        defendant's defense; and

   f.   against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights

and pleads guilty to the offenses alleged in Count One of the Information, charging a

violation of 18 U.S.C. § 371, that is, conspiracy to commit bribery concerning programs

receiving federal funds. The defendant understands the nature and elements of the crime

to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3.    **Sentence**: The maximum penalties the Court can impose for Count One include:

      a.    imprisonment for a period not to exceed five years;

      b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

      c.    a term of supervised release of not more than three years, which may be mandatory under the law and will follow any term of imprisonment.  If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

      d.    a mandatory special assessment of $100;

      e.    restitution to victims or to the community, which is mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

      f.    costs of incarceration and supervision.

4.    **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are removable offenses.  The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense.  Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

5.      **Sentencing agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the appropriate term of imprisonment in this case is one that does not exceed three years or 36 months' imprisonment. If the Court accepts this plea agreement, this sentencing provision is binding on the Court. Other than the agreed maximum term of imprisonment, there are no other sentencing limitations, and the Court remains free to determine the appropriate sentence under the advisory United States Sentencing Guidelines and 18 U.S.C. § 3553.

6.      **Rejection of agreement**: Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant will be allowed to withdraw the defendant's guilty plea. If the defendant declines to withdraw the defendant's guilty plea, the disposition of the case may be less favorable than that contemplated by the plea agreement.

7.      **Mandatory special assessment**: Prior to sentencing, the defendant agrees to pay to the U.S. District Clerk the amount of $100 in satisfaction of the mandatory special assessment in this case.

8.    **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.  Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.  The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.  The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.  The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

9.    **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty.  The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor

does it prohibit any civil or administrative proceeding against the defendant or any property.

10.   **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

11.   **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

12.   **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant further waives the defendant's right to seek any future reduction in the defendant's sentence (e.g., based on a change in sentencing guidelines or

statutory law).  The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

13.     **Representation of counsel**:  The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation.  The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement.  Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

14.     **Entirety of agreement**:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.  This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 25ᵗʰday of ⎽Ꭻᴀᴎ ᴜᴀʀy 2019.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
ANDREW O. WIRMANI
Texas Bar No. 24052287
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: marcus.busch@usdoj.gov

_____
STEVE FAHEY
Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        1-24-19
CAROLYN RENA DAVIS                        Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____        1-24-19
SCOTTIE ALLEN                             Date
Attorney for Defendant

**Plea Agreement—Page 7**