

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:19cr83-S |
| CAROLYN RENA DAVIS (2) | |

## FACTUAL RESUME

In support of Carolyn Rena Davis' plea of guilty to the offense in Count One of the Information, Davis, the defendant, Scottie Allen, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the Information charging a violation of 18 U.S.C. § 371, that is, conspiracy to commit bribery concerning an agent of a local government receiving federal benefits in violation of 18 U.S.C. § 666(a)(1)(B), the government must prove each of the following elements beyond a reasonable doubt:[1]

*First*:   That the defendant and at least one other person made an agreement to commit the crime of bribery concerning an agent of a local government receiving federal benefits in violation of 18 U.S.C. § 666(a)(1)(B), as charged in the Information;

*Second*:   That the defendant knew the unlawful purpose of the agreement; and

*Third*:   That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

---

[1] Fifth Circuit Pattern Jury Instruction 2.15A (5th Cir. 2015).

Factual Resume—Page 1

The essential elements of bribery concerning programs receiving federal benefits in violation of 18 U.S.C. § 666(a)(1)(B), in the context of a conspiracy in violation of 18 U.S.C. § 371, are:[2]

*First*: That the defendant was an agent of the City of Dallas;

*Second*: That the City of Dallas was a local government that received in any one-year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of Federal assistance;

*Third*: That the defendant corruptly solicited or demanded for the benefit of any person, or accepted or agreed to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of the City of Dallas; and

*Fourth*: That the business, transaction, and series of transactions involved anything of value of $5,000 or more.

## STIPULATED FACTS

1. The defendant agrees that the following facts are true and correct and that her testimony at any trial would reflect the same.

2. From in or around at least November 2013 to in or around June 2015, in the Dallas Division of the Northern District of Texas and elsewhere, the defendant, Davis, Person A, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate and agree together and with each other for Davis to

---

[2] Fifth Circuit Pattern Jury Instruction 2.33B (5th Cir. 2015).

Factual Resume—Page 2

receive bribes from Person A, a real estate developer, intending to be influenced and rewarded in connection with transactions before the City of Dallas, specifically, Person A's affordable housing projects, in violation of Title 18, U.S.C. § 666(a)(1)(B).

3. Davis, a City of Dallas Council Member and the Chair of the Housing Committee, received bribes from Person A, a developer of affordable housing projects, in exchange for favorable official action, or the promise of favorable official action, related to Person A's projects within the City of Dallas.

4. Davis, at all relevant times, knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose.

5. At the direction of Davis, and in order to disguise the bribe payments, Person A wrote checks payable to Person B individually, or to a not-for-profit company owned by Person B. Person B, in turn, cashed Person A's checks and transferred some or all of the bribe payments to Davis in cash. Davis, at all relevant times, knew that the money she received from Person B was actually money from Person A.

6. Person A wrote checks to Person B or to Person B's not-for-profit company beginning on or about November 18, 2013, and continuing through on or about March 6, 2015. On each occasion, Person A gave the checks directly to Davis and Davis then gave the checks to Person B for deposit or to cash.

7. Person A also paid Davis directly in cash in return for her official actions in connection with transactions before the City of Dallas that benefited Person A financially. These cash payments were made at least on the following dates, and others: on or about April 13, 2015, May 18, 2015, June 5, 2015, and June 13, 2015.

8. The money that Davis received from Person A was due to her position on the City Council and as the Chair of the Housing Committee, and Davis knew that the money was to secure her political influence so she would further Person A's development of affordable housing projects.

9. Davis knew that the checks written by Person A, and the cash payments Person A gave her, were intended to influence her in the performance of her official duties to benefit Person A financially.

10. In exchange for benefits totaling approximately $40,000.00, and the promise by Person A of future employment for Davis as a consultant for Person A, Davis, in her official capacity, lobbied and voted for Person A's project including the authorization of City of Dallas funds and obligations in excess of $2.5 million, all of which the coconspirators concealed from the City Council, the Housing Committee, and the citizens of the City of Dallas.

11. On February 2, 2015, during a meeting of the Housing Committee, Davis, as the Chair of a Housing Committee meeting, voted to support moving Person A's project forward to the City Council, including recommending support for City of Dallas funding of $168,000.00 and a Dallas Housing Finance Corporation (DHFC) development loan of $2,520,000.00 for Person A's project. Davis knew the vote would benefit Person A financially and knew that Person A needed the vote for his project. Person A was present at the meeting.

12. On February 25, 2015, Davis moved the City Council to authorize the DHFC to make a development loan to Person A's company in an amount not to exceed

$2,520,000.00 for Person A's project as an integral part of Person A's Texas Department of Housing and Community Affairs (TDHCA) 9% tax credit application. Davis voted for the authorization and support of Person A's project knowing that her vote and support would benefit Person A financially and knew that Person A needed Davis' vote and support.

13. Davis did not disclose the money she was receiving from Person A to the Housing Committee or City Council, which could have jeopardized the support the Committee and Council gave Person A's project.

14. After voting for Person A's project, Davis discussed her continued support of the project with Person A. Specifically, on April 23, 2015, Davis told Person A that she questioned a City of Dallas housing official (Official X) about the status of Person A's project for 9% TDHCA funds which was tied in points with another, unrelated project. Davis told Person A that she told Official X to connect Person A with a non-profit so that his project would get another point in the scoring system, thereby surpassing the score of the other competing project. Person A told Davis that he would be "disappointed" if his project did not get on TDHCA's list of projects "they are seriously considering." Person A told Davis he wanted her, and possibly another City Council Member (Council Member Y), to lobby for his project before the TDHCA. Davis agreed to lobby the project, in her official capacity, before the TDCHA in Austin, Texas.

15. Davis agrees and stipulates that the City of Dallas was a local government that received benefits in excess of $10,000 in each of the consecutive fiscal one-year

periods beginning October 1, 2013, and October 1, 2014, under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance.

16. Davis further agrees and stipulates that Person A's project and Davis' support, promotion, and votes for such project, constituted a business, a transaction, or series of transactions of the City of Dallas that involved a value of $5,000 or more.

17. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Information.

AGREED TO AND STIPULATED on this 25th day of January, 2019.

_____
CAROLYN RENA DAVIS
Defendant

_____
SCOTTIE ALLEN
Attorney for Defendant

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
MARCUS BUSCH
Assistant United States Attorney
Texas Bar No. 03493300
Dallas, Texas 75242-1699
Tel: (214) 659-8600
Fax: (214) 659-8809
Email: marcus.busch@usdoj.gov